UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Eastern District of Kentucky
**FILED**

JUN - 8 2006

At Ashland
LESLIE G. WHITMER
Clerk, U.S. District Court

Civil Action No. 05-194-HRW

JAMES COOPER,                                        PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

RONALD ADAMS,
PAUL MERCER SAWMILL, INC.,
CLEAR CREEK HARDWOODS, INC., and
HAROLD YOUNG,                                   DEFENDANTS.

This matter is before the Court upon the Motion of the Defendants', Ronald

Adams and Harold Young, to Dismiss Pursuant to FRCP 19 [Docket No. 10],

Defendants', Paul Mercer Sawmill, Inc. And Clear Creek Hardwoods, Inc., Motion

to Dismiss [Docket No. 12], Defendants', Clear Creek Hardwoods, Inc. and Paul

Mercer Sawmill, Inc., Motion to Compel [Docket No. 11] and Plaintiff's Motion

to File Amended Complaint [Docket No. 18].

Plaintiff James Cooper has an ownership interest in a certain parcel of land

located partially in Elliot County, Kentucky and partially in Lawrence County,

Kentucky.   This civil action arises from timber contract between Plaintiff  and

Defendant Ron Adams whereby Adams would cut, purchase and sell timber from

Plaintiff based upon designated boundary lines selected by him.

Defendant Adams states that more than half of the acreage designated by Plaintff had been previously timbered and contained only second growth timber. He further states that much of the remaining timber was blighted and otherwise damaged.  However over a period of four months, over a hundred loads of timber was cut by Defendant Adams and hauled by Defendant Harold Young to Defendants Paul Mercer Sawmills, Inc. and Clear Creek Hardwoods, Inc. According to Defendant Adams, the lower grade timber was taken to Clear Creek for the reason that they offered higher prices than their competitors.

Plaintff alleges that Defendant Adams cut more than $1 million dollars in timber but paid Plaintff for only a small portion of it.  Subsequently, Plaintff instituted this civil action, alleging fraudulent misrepresentation, conversion, breach of contract, willful trespass to chattels, trespass to land, gross negligence and intentional infliction of emotional distress [Docket No. 1].

With regard to royalties, Defendant Adams states that Plaintff instructed him to divide all  payments equally amongst the owners of the subject property: one-half going to him and his wife, Sheila Cooper, and the other half going to Donna J. Cooper and her daughter, Patricia Stewart.  Defendant Adams states that he assumed Donna Cooper's husband, Clyde Cooper's, interest in the land had passed to his wife and daughter, Patricia Stewart, as he passed away prior to the

2

signing of the contract.  Defendant Adams finally states that during the period in question, approximately $43,000 in royalty payments were made a regular intervals to the owners, pursuant to the contract.

The Defendants seek dismissal of this matter pursuant to Federal Rule of Civil Procedure 19.  In their submissions to the Court, Defendants state that contrary to what Plaintiff represented, the deed to the subject property shows that Plaintiff, his wife Sheila Cooper, Clyde T. Cooper, Donna Jean Cooper and Patricia D. Stewart are joint tenants in the property, without survivorship [Exhibit to Docket No. 10].  Defendants maintain that the four other joint tenants must be joined as parties to this action as they are "indispensable parties" to this action, as defined by Rule 19 of the Federal Rules of Civil Procedure.

By Order entered on April 21, 2006, this Court ordered Plaintiff to Show Cause  why this action should not be dismissed for failure to join indispensable parties pursuant to Fed.R.Civ.P. 19.   [Docket No. 16].

Plaintiff responded to the Court's Order  by seeking leave to file an Amended Complaint which named Donna Cooper and Patricia Stewart as co-Plaintiffs [Docket Nos. 17 and 18].   Apparently, Plaintiff was of the opinion that simply joining these other family members would cure the glaring flaws in the record.  The Plaintiff is overly optimistic..

3

Incredibly, despite ample opportunity to submit relevant information to the Court, the record is still lacking in the most important respects.

First, the record is unclear as to the identity and the interests of the property owners. Although the Deed of conveyance was made a part of the record as an exhibit to Defendants', Ron Adams and Harold Young, Motion to Dismiss [Docket No. 10], two of the five original owners, Clyde Cooper and Sheila Cooper, have passed away. Did they pass away testate or intestate? Based upon the submissions before the Court, it is impossible to tell. The record is devoid of affidavits of descent or the equivalent under Pennsylvania and Indiana law. There is simply no information or documentation in the record as to their successors in title or what interest those successors inherited in the land.

Further, the record is silent as the specific dates of the deaths of these individuals. Therefore, the question of whether their claims must be revived in accordance with KRS 395.278 remains unanswered. It is well-established that the statute is strictly construed, operates as a statute of limitations, and the failure to comply mandates dismissal. *See, Woods v. Walgreen Company, et al.*, 2006 WL 709555 (W.D. Ky. March 15, 2006), *citing Clark v. City of Frankfort*, 2005 WL 2240133 (Ky. App. Sept. 16, 2005); *Hammons v. Tremco, Inc.*, 887 S.W.2d 336 (Ky. 1994); *Snyder v. Snyder*, 769 S.W.2d 70 (Ky. App. 1989); *Daniel v. Fourth &*

4

*Market, Inc.*, 445 S.W.2d 699 (Ky. 1968). Yet, given the dearth of information in the record with regard to the deaths of Clyde Cooper and Sheila Cooper, this Court has no way of determining whether the requirements of the statute have been met and their claims have been preserved.

In addition, the record sheds no light as to the marital status of Patricia Stewart. Surely, this would have bearing upon her interest in the subject property and, thus, her rights under the timber contract.

Defendants make much of Plaintiff's failure to properly caption his tendered Amended Complaint to include the putative co-Plaintiffs, Donna Cooper and Patricia Stewart. However, the caption is the very least of the pleading's inadequacies. Again, it is impossible to determine from the tendered Amended Complaint, who, exactly, has an ownership interest in the subject property and what, exactly, that interest might be.

Finally, in their submissions to the Court, Defendants maintain that Plaintiff misrepresented his ownership interest in the property and, thus, received royalty payments which were disproportionately greater than his actual ownership interest. Again, the record offers no guidance as to whether there existed an agreement amongst the property owners with regard to the distribution of royalties. Although Plaintiff Cooper seeks to join Donna Cooper and Patricia Stewart as co-**Plaintiffs**,

5

there appears to be at least the potential for cross-claims amongst these individuals. Yet, in the tendered Amended Complaint, James Cooper, Donna Cooper and Patricia Stewart appear to be represented by the same counsel. At a minimum, this raises the spectre of conflict of interest. Should Plaintiff, Donna Cooper and Patricia Stewart wish to continue sharing counsel, this would have be certified by this Court at the earliest possible date.

Much time has been squandered in this case with regard to whether the joinder of the other owners would ultimately defeat diversity and, thus, eliminate this Court's ability to exercise jurisdiction over this matter. However, that has proven to be a non sequitur. As discussed above, there are numerous problems with the record in its current state. These deficiencies must be remedied or this Court will be unable to fully and fairly resolve this matter.

Accordingly, **IT IS HEREBY ORDERED**:

(1)   that Motion of the Defendants', Ronald Adams and Harold Young, to Dismiss Pursuant to FRCP 19 [Docket No. 10], Defendants', Paul Mercer Sawmill, Inc. And Clear Creek Hardwoods, Inc., Motion to Dismiss [Docket No. 12] be **OVERRULED**;

(2)   that Defendants', Clear Creek Hardwoods, Inc. and Paul Mercer Sawmill, Inc., Motion to Compel [Docket No. 11] be **SUSTAINED**

6

and that Plaintiff file sworn answers to the pending Interrogatories and Requests for Production of Documents no later than **June 27, 2006**;

(3)     that  Plaintiff's Motion to File Amended Complaint [Docket No. 18] be **OVERRULED**; and

(4)     that no later than **June 30, 2006**, Plaintff tender an Amended Complaint, including all necessary documentation, which properly identifies the owners of the subject property as well as their respective interests therein and includes those owners as parties to this civil action, whether it be by the owners themselves or their personal representatives.

This 8th day of June, 2006.

Signed By:

_Henry R Wilhoit Jr._

**United States District Judge**