UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

Civil Action No. 05-194-HRW

JAMES COOPER, PLAINTIFF,

v. MEMORANDUM OPINION AND ORDER

RONALD ADAMS,
PAUL MERCER SAWMILL, INC.,
CLEAR CREEK HARDWOODS, INC., and
HAROLD YOUNG, DEFENDANTS.

This matter is before the Court upon the Motion of the Defendants, Ronald Adams and Harold Young, to strike Plaintiff's tendered Amended Complaint and dismiss this matter [Docket No. 36].

This civil action arises from a timber contract between Plaintiff and Defendant Ron Adams whereby Adams would cut, purchase and sell timber from Plaintiff based upon designated boundary lines selected by him. Plaintff alleges that Defendant Adams cut more than $1 million dollars in timber but paid Plaintff for only a small portion of it [Docket No. 1].

In his response to the Complaint, Defendant Adams stated that more than half of the acreage designated by Plaintff had been previously timbered and contained only second growth timber and that much of the remaining timber was blighted and otherwise damaged [Docket No. 10]. However over a period of four

months, over a hundred loads of timber was cut by Defendant Adams and hauled by Defendant Harold Young to Defendants Paul Mercer Sawmills, Inc. and Clear Creek Hardwoods, Inc. Defendant Adams further stated that approximately $43,000 in royalty payments were made a regular intervals to the owners, pursuant to the contract. According to Defendant Adams, Plaintff instructed him to divide the payments amongst the owners of the property: one-half to him and his wife, Sheila Cooper, and the other half to Donna J. Cooper and her daughter, Patricia Stewart.

By Order entered on June 8, 2006, this Court declined to dismiss this case upon motions of the Defendants but, rather, bestowed upon Plaintff an opportunity to cure the gaps in the record [Docket No. 22], the most glaring of which was the confusion regarding the identity of the owners of the land and the percentage or portion of their interest in the same. The undersigned was very specific with regard to the information needed and gave Plaintiff ample time within which to provide the same.

Within the time allotted, and as directed by the Court, Plaintiff tendered an Amended Complaint [Docket No. 34]. However, the Court finds that it falls far short of adequate.

2

First, notwithstanding the Court's explicit, and repeated, orders that Plaintiff identify the owners and their share of interest in the subject property, the record remains incomplete. In his Complaint, Plaintiff alleged that he is the "owner of a certain parcel of land located partially in Elliot County and partially in Lawrence County, Kentucky . . . .", thereby implying sole ownership [Docket No. 1]. Yet the Deed of conveyance, which was not made a part of the record until Defendants sought dismissal shows that Plaintiff, his wife Sheila Cooper, Clyde T. Cooper, Donna Jean Cooper and Patricia D. Stewart were joint tenants in the property, without survivorship [Exhibit to Docket No. 10]. In their dispositive motions, Defendants claimed that two of the five original owners, Clyde Cooper and Sheila Cooper, had passed away prior to the filing of the Complaint. However, there was no documentation in the record as to their successors in title or what interest those successors inherited in the land.

In his Amended Complaint, Plaintiff states that Sheila Cooper is deceased and that her interest in the property passed to him. In support of his assertion, Plaintiff submits a copy of Sheila Cooper's Last Will and Testament [Exhibit A to Docket No. 34]. However, despite the Court's clear directive, Plaintiff has not provided the date of her death or any other information which would show compliance with KRS 395.278. In its June 8, 2006, the Court was abundantly

3

clear: the statute is to be strictly construed and the failure to comply mandates dismissal. *See, Woods v. Walgreen Company, et al.*, 2006 WL 709555 (W.D. Ky. March 15, 2006) (citations omitted). Yet Plaintiff persists in failing to provide the necessary information.

With regard to Clyde Cooper, Plaintiff acknowledged that he, too, is deceased but, again, failed to state a date of death or provide any documentation in that regard. Plaintiff simply stated that he would supplement the record with his will "at a later date" [Docket No. 34].

Indeed, three weeks following the filing of the Amended Complaint, Plaintiff submitted a copy of Clyde Cooper's Last Will and Testament [Docket No. 43]. However, as Defendants point out in their Objections to that filing [Docket No. 44], simply placing this document in the record does not end the inquiry. To be sure, the record remains silent as to whether his estate has been probated, where such administration occurred and what interest actually passed to his wife, Donna Jean Cooper.

As for Patricia Stewart, Plaintiff simply states, "[she] also has an interest in the subject property" and "[s]he is married to Tom Stewart, who has a dower interest in the subject property" [Docket No. 34]. A bald statement of Tom Stewart's inchoate right is inadequate without any reference to the relevant laws of

4

his state of residence, which is also unverified.

As the Court stated in its June 8, 2006 Order, if the owners of the property and their respective interests cannot be established, this Court cannot fully and fairly adjudicate this matter. That admonishment appears to have fallen on deaf ears.

The Amended Complaint has further shortcomings. There are no statements as to the citizenship of the potential co-Plaintiffs' at the dispositive time, to-wit, the commencement of this civil action.

Nor has Plaintiff even attempted to address the issue of potential cross-claims amongst the co-Plaintiffs, which was of specific concern to this Court in its June 8, 2006 Order. Incredibly, all Plaintiffs, both named and putative, are represented by the same counsel.

Further, the tendered document bears little resemblance to a complaint as it is devoid of allegations of wrong-doing on the part of the Defendants.

Finally, the "co-Plaintiffs", Donna Jean Cooper, Patricia Stewart and Tom Stewart, are not included in the caption of the tendered Amended Complaint. Although this is the least of its deficiencies, it is noteworthy as this flaw was pointed out by the Defendants' in their response to Plaintiff's first attempt to amend his Complaint [Docket No. 20].

5

In sum, despite the clear dictates of the June 8, 2006 Order, Plaintiff has yet to cure the defects in the record.

The Court also notes that, based upon the record in its current state, it is unlikely that Plaintiff's claim meets the jurisdictional requirements of this court, specifically, the amount in controversy. Although this issue has not been addressed by the parties, the Court suspects that Plaintff would be hard pressed to allege the requisite amount.

This matter has been pending for over a year and the record remains, at best, unclear. The Court is not inclined to prolong what appears to be an futile undertaking.

Accordingly, **IT IS HEREBY ORDERED** the Defendants' Motion to Strike [Docket No. 36] be **SUSTAINED** and the tendered Amended Complaint [Docket No. 34] be **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that this matter be **DISMISSED WITH PREJUDICE** and this matter **STRICKEN** from the docket of this Court.

This 9 day of August, 2006.

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE